TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Omar Vallejo Dominguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Vallejo Dominguez, | Case No.: |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC, a Georgia corporation; Trans Union, LLC, a Delaware limited liability company; Macy's Retail Holdings, Inc., a New York corporation; Synchrony Bank, an Ohio company; Famsa, Inc., a California corporation; and Chase Bank, USA, N.A., a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, OMAR VALLEJO DOMINGUEZ, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

2

c.  Trans Union, LLC, ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

d.  Macy's Retail Holdings, Inc. ("Macy's"), which is a New York corporation that maintains a registered agent in Maricopa County, Arizona

e.  Synchrony Bank ("Synchrony"), which upon information and belief, maintains registered offices in Ohio and conducts business in Arizona;

f.  Famsa, Inc. ("Famsa"), which upon information and belief, maintains registered offices in California and conducts business in Arizona; and

g.  Chase Bank, USA, N.A. ("Chase"), which upon information and belief, maintains registered offices in New Castle County, Delaware, and conducts business in Arizona.

## **GENERAL ALLEGATIONS**

6.  This is an action under the federal Fair Credit Reporting Act ("FCRA") at 15 U.S.C. 1681, *et seq.*

### *The Fair Credit Reporting Act and its requirements*

7.  There are two types of defendants in this lawsuit.  One type of defendant is the credit reporting agencies ("CRAs"), which report information about the Plaintiff.  The second type of defendant in this case is called a Furnisher in the

3

credit reporting industry.  A Furnisher is a creditor that furnishes its experience with the Plaintiff to the CRAs.

8. Credit reporting activities of both the CRAs and Furnishers are governed by the FCRA.

9. This case involves the Defendants' reporting charge offs, month after month ("MCOs"), on the Plaintiff's consumer credit files.  The reporting of MCOs is inaccurate, incomplete, unclear, and in violation of the FCRA.

10. Charge offs are treated as an expense or loss to the creditor.  They are referenced in 15 U.S.C. § 1681c of the FCRA.  Under this paragraph, generally speaking, a charge off may not be reported on a trade line that is older than 7 years, beginning upon the expiration of the 180-day period measured from the delinquency which immediately preceded the charge off.  A charge off is a singular, one time event.  Indeed, the Federal Trade Commission has opined that it was Congress' intent in enacting sections 15 U.S.C. §1681c to establish a single date of the delinquency such as to begin the obsolescence period on charge offs.  Indeed, a plain reading of the statute shows as much.

11. In today's society, the ability to obtain credit largely determines one's lifestyle and housing options. A charge off is a derogatory piece of information that depresses one's credit score, and the reporting of which makes it difficult, if not impossible, for the Plaintiff to obtain credit.

*Defendants are reporting MCOs*

12. In this case, the following Furnishers are reporting MCOs to the following

CRAs on the Plaintiff's credit files:

   a. Chase is reporting its trade line with MCOs to Trans Union and Experian;
   b. Macys/DSNB  is reporting its trade line with MCOs to Trans Union, Equifax, and Experian;
   c. SYNCB/Dillards is reporting its trade line with MCOs to Trans Union and Experian;
   d. SYNCB/JCP is reporting its trade line with MCOs to Trans Union and Experian; and
   e. FAMSA, Inc. is reporting its trade line with MCOs to Experian.

13. 15 U.S.C. 1692g requires CRAs, upon request, to clearly and accurately

disclose all information in a consumer's file.

14. In the case before this Court, the Defendants, by reporting MCOs, have failed to

make the date of the charge off clear to the Plaintiff and to others, including

credit grantors.  Again, a charge off occurs on a singular date.  Without the

ability to understand this date from the trade line, it is impossible for the

Plaintiff to determine the date that the negative trade line should be removed

from the Plaintiff's credit report.

15. The information that the Defendants are providing in their trade lines is neither

clear nor accurate for the following reasons:

   a. Because the Status section of the trade line for each Furnisher reports the

   account status as "charge off" and the payment history grid of these trade

   lines also report charge offs, month after month, it appears that each

5

Furnisher is charging off the account anew, month after month.  There is

no legitimate reason for reporting the account as a charge off month after

month in the payment history section and in the Status section.   It is

confusing, unclear, and inaccurate to anyone who receives the Plaintiff's

credit report.

b.  The Defendant Furnishers' trade lines offer the Plaintiff no way to verify

when the trade line will be removed from his credit report.  Plaintiff has

no way to predict his financial future because these MCO trade lines are

an impediment to the Plaintiff seeking new credit and do not give the

Plaintiff enough information to predict when they will fall off.

c.  The MCOs are confusing or are potentially unclear to judgment lenders

such as mortgage lenders and their underwriters.  These sorts of lenders

look beyond the simple credit score to judge whether a consumer meets

the guidelines for a mortgage loan.  They review each trade line for

content.  MCOs are confusing, or potentially confusing, to such mortgage

lenders.  There is no legitimate business reason for the Defendants to

report charge offs, month after month, in a payment grid section of a

consumer's credit file when the account has already been tagged in the

Status section as a charge off.

16. On or about September 24, 2015, Mr. Dominguez obtained his Trans Union credit file, which showed that Capital One, SYNCB/Dillards, and SYNCB/JC Penney reported multiple charge offs on their Errant Trade Lines.

17. On or about November 25, 2015, Mr. Dominguez obtained his Equifax credit file, which showed that Macys/DSNB was reporting multiple charge offs on its Errant Trade Line.

18. On or about December 1, 2015, Mr. Dominguez obtained his Experian credit file, which showed multiple charge offs on all of the Errant Trade Lines.

19. On or about March 17, 2016, Mr. Dominguez submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the charge offs on the Errant Trade Lines.

20. Upon information and belief, the CRAs forwarded Plaintiff's consumer dispute to Chase, Synchrony, Macy's, and Famsa.

21. On or about March 31, 2016, Mr. Dominguez received a letter from Experian, which stated that pursuant to 611(a)(3)(A) of the FCRA, it already investigated the dispute and would not reinvestigate the matter. This only referred to the Chase and Macys Trade Lines, but not the other trade lines.

22. On or about April 1, 2016, Mr. Dominguez received Experian's investigation results, which addressed only the FAMSA Trade Line.  Experian's results still showed the multiple charge offs. These dispute results stated that the other

disputed items were not on his Experian credit file, which is false because these dispute results also showed that Chase, DSNB/Macys, SYNCB/Dillards, and SYNCB/JC Penny all retained the multiple charge offs on the Errant Trade Lines.

23. On or about April 6, 2016, Mr. Dominguez received Equifax's investigation results, which showed that Macys/DSNB retained the multiple charge offs on the Errant Trade Line.

24. On or about April 19, 2016, Mr. Dominguez received Trans Union's investigation results, which showed that Chase, Macys/DSNB, and Synchrony Bank retained the multiple charge offs on the Errant Trade Lines.

25. None of the Defendants, it appears, have firm policies or procedures in place to prevent the reporting of MCOs or to manage their reporting at all.

26. Since the Defendant CRAs lack policies and procedures to refrain from reporting MCOs, they are preparing credit reports on the Plaintiff without having adequate policies and procedures in place to assure maximum possible accuracy as required by the FCRA at 15 U.S.C. 1681e(b).  Lacking such policies and procedures, the defendant credit reporting agencies are causing great financial and credit damage to the consumer and possibly for a far longer period than they may legally report.   By holding the Plaintiff's credit score under water month after month for an indeterminate time, the Plaintiff's ability

to obtain goods, services, and credit at reasonable rates is obliterated.  This practice of reporting MCOs is illegal and violates the FCRA.

27. Upon information and belief, all of the defendants favor this MCO policy. Credit reporting is a debt collection activity.  The longer that the Defendants can illegally continue to report MCOs on the Plaintiff's credit report, the longer they can artificially depress the Plaintiff's credit score.  The Defendants' apparent goal is to continue holding the Plaintiff's credit score under water for as long as possible, hoping that at some point the Plaintiff will come up gasping for air when he/she has an absolute need for an improved score.  When that day comes, the Defendants will hope to get paid.

28. This pattern and practice by the Defendants of reporting MCOs constitutes a willful, or at the very least a negligent, violation of the Plaintiff's rights under the FCRA.

29. The damages caused by the reporting of multiple charge offs include angst and emotional distress, financial damage, credit damage, costs, and attorneys' fees.

## COUNT I

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

30. Plaintiff realleges the above paragraphs as if recited verbatim.

9

31. After being informed by the CRAs that Plaintiff disputed the accuracy of the MCOs, Macy's willfully failed to conduct a proper investigation of Plaintiff's dispute.

32. Indeed, Macy's was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian, Equifax, and Trans Union was not only inaccurate, but also illegal.  Macy's was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

33. Had Macy's conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

34. Macy's willfully retained the MCOs, making its trade line inaccurate, incomplete, and/or unclear.

35. By retaining the MCOs and directing the CRA(s) to do the same, Macy's willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

36. Macy's is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Macy's for the greater of statutory of $1,000 or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees

## <u>COUNT II</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S**

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. In the alternative to a willful violation of the FCRA, Plaintiff claims that Macy's negligently violated his rights under this statute.

39. After being informed by the CRAs of Plaintiff's objection to the Defendant's reporting of MCOs,  Macy's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

40. Macy's negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Macy's negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to

11

the CRAs.  Specifically, it failed to direct the CRAs to remove the MCOs from its trade line.

41. As a direct and proximate cause of Macy's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

42. Macy's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by the CRAs that Plaintiff disputed the accuracy of the MCOs, Synchrony willfully failed to conduct a proper investigation of Plaintiff's dispute.

45. Indeed, Synchrony was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian

12

and Trans Union was not only inaccurate, but also illegal. Synchrony was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

46. Had Synchrony conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

47. Synchrony willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

48. By retaining the MCOs and directing the CRA(s) to do the same, Synchrony willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

49. Synchrony is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact. Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a

judgment against Synchrony for the greater of statutory of $1,000 or actual damages,

plus punitive damages, along with costs, interest, and attorneys' fees

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. In the alternative to a willful violation of the FCRA, Plaintiff claims that Synchrony negligently violated his rights under this statute.

52. After being informed by Experian and Trans Union of Plaintiff's objection to the Defendant's reporting of MCOs,  Synchrony negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

53. Synchrony negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Synchrony negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to the CRAs.  Specifically, it failed to direct Experian and Trans Union to remove the MCOs from its trade line.

54. As a direct and proximate cause of Synchrony's negligent failure to perform its

duties under the FCRA, Plaintiff has suffered credit and financial damages,

mental anguish, suffering, humiliation, and embarrassment.

55. Synchrony is liable to Plaintiff by reason of its violations of the FCRA in an

amount to be determined by the trier fact together with reasonable attorneys'

fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

against the Defendant Synchrony for the greater of statutory or actual damages, plus

punitive damages, along with costs, interest, and attorneys' fees.

## **COUNT V**

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FAMSA**

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. After being informed by Experian that Plaintiff disputed the accuracy of the

MCOs, Famsa willfully failed to conduct a proper investigation of Plaintiff's

dispute.

58. Indeed, Famsa was fully aware or should have been aware that its reporting of

MCOs in its trade line on the Plaintiff's consumer credit file with Experian was

not only inaccurate, but also illegal.  Famsa was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

59. Had Famsa conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

60. Famsa willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

61. By retaining the MCOs and directing Experian to do the same, Famsa willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

62. Famsa is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Famsa for the greater of statutory of $1,000 or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees

## COUNT VI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FAMSA

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. In the alternative to a willful violation of the FCRA, Plaintiff claims that Famsa negligently violated his rights under this statute.

65. After being informed by Experian of Plaintiff's objection to the Defendant's reporting of MCOs, Famsa negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to Experian.

66. Famsa negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Famsa negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to the CRAs.  Specifically, it failed to direct Experian to remove the MCOs from its trade line.

67. As a direct and proximate cause of Famsa's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

68. Famsa is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Famsa for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the MCOs, Chase willfully failed to conduct a proper investigation of Plaintiff's dispute.

71. Indeed, Chase was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian Trans Union was not only inaccurate, but also illegal.  Chase was also fully

aware that it was improperly depressing the Plaintiff's credit score, causing

great credit harm and damage to his ability to obtain credit.

72. Had Chase conducted a reasonable reinvestigation, it would have known that

there was no reason for it to report its trade line as a charge off in both the

payment history grid and the status section of the Plaintiff's credit report.

73. Chase willfully retained the MCOs making its trade line inaccurate, incomplete,

and/or unclear.

74. By retaining the MCOs and directing Experian and Trans Union to do the same,

Chase willfully violated its duties under the FCRA, causing economic and

emotional damages to the Plaintiff.

75. Chase is liable to Plaintiff for the greater of statutory damages or actual

damages sustained by reason of its violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact.  Plaintiff is also entitled to

reasonable attorneys' fees and costs pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a

judgment against Chase for the greater of statutory of $1,000 or actual damages,

plus punitive damages, along with costs, interest, and attorneys' fees

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. In the alternative to a willful violation of the FCRA, Plaintiff claims that Chase negligently violated his rights under this statute.

78. After being informed by Experian and Trans Union of Plaintiff's objection to the Defendant's reporting of MCOs, Chase negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

79. Chase negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Chase negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to Experian and Trans Union.  Specifically, it failed to direct Experian and Trans Union to remove the MCOs from its trade line.

80. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

81. Chase is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

84. Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

85. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b). Glaringly missing from a list of policies and procedures are:

a.  one that would cause this Defendant to refrain from reporting MCOs as this defendant has;

b.  one that would give the Plaintiff an ability to reconcile his records with the information provided in the trade lines that report MCOs that would allow the Plaintiff to predict when an MCO trade line will fall off;

c.  one that would provide for clear and accurate reporting of a charge off; there is no sound business reason for Experian to report MCOs month after month while, at the same time, report the account as a charge off in the Status section of the Plaintiff's consumer credit file.  This reporting is inaccurate and unclear.

86. There is no legitimate reason for Experian to report charge offs, month after month, in the payment grid section of the Plaintiff's consumer credit file when the very same information is present in the Status section of such trade line(s) that contain the MCOs.

87. The reporting of MCOs is unclear and inaccurate to the Plaintiff.  Pursuant to 15 U.S.C.1681g, a CRA must clearly and accurately disclose the information in a consumer's credit file.  The information contained in the Plaintiff's consumer credit file with this Defendant is neither clear nor accurate.  For example, the trade lines reporting MCOs provide inaccurate beginning dates of charge off. Plaintiff has calculated the seven year reporting period based on that charge off

date and has been unable to confirm when the trade will become obsolete and removed from his credit report.  Without the ability to reconcile his records to the date of the charge off, Plaintiff is deprived of the ability to predict when he can apply for new credit and new financial start.

88. Moreover, Experian's policies and procedures fail to address the fact that reporting multiple charge offs in both the payment history section and the Status section of the Plaintiff's credit report simultaneously is misleading, confusing, and lacks any legitimate business purpose for either the Furnisher or this CRA.

89. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.

90. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

91. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

92. Plaintiff realleges the above paragraphs as if recited verbatim.

93. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

94. Such reports contained information about Plaintiff, such as the multiple charge offs, that was neither clear nor accurate as required by 15 U.S.C. 1681g(a)(1). The multiple charge offs are inaccurate because they lack a singular origin date by which to measure the 7 year reporting period.  They are also inaccurate because they convey to a consumer that an account has been charged off month after month, when in fact, the account has only one charge off date.

95. The multiple charge offs are also unclear because Experian has not provided a legend on its credit report to clearly explain that the charge off has a beginning date and what that beginning date is.  The credit reports produced by Experian further fail to make clear when the multiple charge offs **will** come off the credit report, and the credit report lacks enough information to allow the Plaintiff to

24

verify these dates even if they were presented on the credit report for the Plaintiff or anyone else to see.

96. Experian has produced credit reports and disclosures that were false, misleading, and inaccurate.  Indeed, the multiple charge offs, by themselves, are false, misleading, inaccurate, and unclear.

97. Experian has negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b). Indeed, Experian has no policies that prevent the reporting of multiple charge offs, nor does it have any policies that govern how long multiple charge offs, even if legal and proper, may be reported on the Plaintiff's credit report.

98. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.  Indeed, it merely retained the multiple charge offs, which are illegal, confusing, inaccurate, and unclear.

99. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Dominguez has suffered actual credit and financial damages, mental anguish and suffering, humiliation, and embarrassment.

100.     Due to Experian's actions and inactions in connection with its failure to conduct a reasonable reinvestigation, Plaintiff has suffered damages, including but not limited to an artificially and illegally depressed credit score.

101.     Experian is liable to Mr. Dominguez by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

102.     Plaintiff realleges the above paragraphs as if recited verbatim.

103.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

104.     Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

105.     Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b). Glaringly missing from a list of policies and procedures are:

a.   one that would cause Equfax to refrain from reporting MCOs as this defendant has;

b.   one that would give the Plaintiff an ability to reconcile his records with the information provided in the trade lines that report MCOs that would allow the Plaintiff to predict when an MCO trade line will fall off;

c.   one that would provide for clear and accurate reporting of a charge off; there is no sound business reason for Equifax to report MCOs month after month, while at the same time report the account as a charge off in the Status section of the Plaintiff's consumer credit file.  This reporting is inaccurate and unclear.

106.     There is no legitimate reason for Equifax to report charge offs, month after month, in the payment grid section of the Plaintiff's consumer credit file when the very same information is present in the Status section of such trade line(s) that contain the MCOs.

107.     The reporting of MCOs is unclear and inaccurate to the Plaintiff. Pursuant to 15 U.S.C.1681g, a CRA must clearly and accurately disclose the

information in a consumer's credit file.  The information contained in the Plaintiff's consumer credit file with Equifax is neither clear nor accurate.  For example, the trade lines reporting MCOs provide inaccurate beginning dates of charge off. Plaintiff has calculated the seven year reporting period based on that charge off date and has been unable to confirm when the trade will become obsolete and removed from his credit report.  Without the ability to reconcile his records to the date of the charge off, Plaintiff is deprived of the ability to predict when he can apply for new credit and new financial start.

108.     Moreover,  Equifax's policies and procedures fail to address the fact that reporting multiple charge offs in both the payment history section and the Status section of the Plaintiff's credit report simultaneously is misleading, confusing, and lacks any legitimate business purpose for either the Furnisher or Equifax.

109.      After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.

110.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

111.    Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

112.    Plaintiff realleges the above paragraphs as if recited verbatim.

113.    Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

114.    Such reports contained information about Plaintiff, such as the multiple charge offs, that was neither clear nor accurate as required by 15 U.S.C. 1681g(a)(1).  The multiple charge offs are inaccurate because they lack a singular origin date by which to measure the 7 year reporting period.  They are also inaccurate because they convey to a consumer that an account has been charged off month after month, when in fact the account has only one charge off date.

115.    The multiple charge offs are also unclear because this CRA has not provided a legend on its credit report to clearly explain that the charge off has a

beginning date and what that beginning date is.  The credit reports produced by Equifax further fail to make clear when the multiple charge offs **will** come off the credit report, and the credit report lacks enough information to allow the Plaintiff to verify these dates even if they were presented on the credit report for the Plaintiff or anyone else to see.

116.     Equifax has produced credit reports and disclosures that were false, misleading and inaccurate.  Indeed, the multiple charge offs, by themselves, are false, misleading, inaccurate, and unclear.

117.     Equifax has negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).  Indeed, Equifax has no policies that prevent the reporting of multiple charge offs, nor does it have any policies that govern how long multiple charge offs, even if legal and proper, may be reported on the Plaintiff's credit report.

118.     After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.  Indeed, it merely retained the multiple charge off, which are illegal, confusing, inaccurate, and unclear.

119.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Dominguez has suffered actual credit and financial damages, mental anguish and suffering, humiliation, and embarrassment.

120.     Due to Equifax's actions and inactions in connection with its failure to conduct a reasonable reinvestigation, Plaintiff has suffered damages, including but not limited to an artificially and illegally depressed credit score.

121.     Equifax is liable to Mr. Dominguez by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

122.     Plaintiff realleges the above paragraphs as if recited verbatim.

123.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

124.     Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

31

125.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b). Glaringly missing from a list of policies and procedures are:

     a.   one that would cause Trans Union to refrain from reporting MCOs as this defendant has;

     b.   one that would give the Plaintiff an ability to reconcile his records with the information provided in the trade lines that report MCOs that would allow the Plaintiff to predict when an MCO trade line will fall off;

     c.   one that would provide for clear and accurate reporting of a charge off; there is no sound business reason for Trans Union to report MCOs month after month while, at the same time, report the account as a charge off in the Status section of the Plaintiff's consumer credit file.  This reporting is inaccurate and unclear.

126.     There is no legitimate reason for Trans Union to report charge offs, month after month, in the payment grid section of the Plaintiff's consumer credit file when the very same information is present in the Status section of such trade line(s) that contain the MCOs.

127.     The reporting of MCOs is unclear and inaccurate to the Plaintiff. Pursuant to 15 U.S.C.1681g, a CRA must clearly and accurately disclose the

information in a consumer's credit file.  The information contained in the Plaintiff's consumer credit file with Trans Union is neither clear nor accurate.  For example, the trade lines reporting MCOs provide inaccurate beginning dates of charge off. Plaintiff has calculated the seven year reporting period based on that charge off date and has been unable to confirm when the trade will become obsolete and removed from his credit report.  Without the ability to reconcile his records to the date of the charge off, Plaintiff is deprived of the ability to predict when he can apply for new credit and new financial start.

128.     Moreover,  Trans Union's policies and procedures fail to address the fact that reporting multiple charge offs in both the payment history section and the Status section of the Plaintiff's credit report simultaneously is misleading, confusing, and lacks any legitimate business purpose for either the Furnisher or Trans Union.

129.      After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.

130.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

131.     Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

132.     Plaintiff realleges the above paragraphs as if recited verbatim.

133.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

134.     Such reports contained information about Plaintiff, such as the multiple charge offs, that was neither clear nor accurate as required by 15 U.S.C. 1681g(a)(1).  The multiple charge offs are inaccurate because they lack a singular origin date by which to measure the 7 year reporting period.  They are also inaccurate because they convey to a consumer that an account has been charged off month after month, when in fact, the account has only one charge off date.

135.     The multiple charge offs are also unclear, because Trans Union has not provided a legend on its credit report to clearly explain that the charge off has a

beginning date and what that beginning date is.  The credit reports produced by

Trans Union further fail to make clear when the multiple charge offs **will** come off

the credit report, and the credit report lacks enough information to allow the

Plaintiff to verify these dates even if they were presented on the credit report for

the Plaintiff or anyone else to see.

136.      Trans Union has produced credit reports and disclosures that were false,

misleading, and inaccurate.  Indeed, the multiple charge offs, by themselves, are

false, misleading, inaccurate, and unclear.

137.      Trans Union has negligently failed to maintain and/or follow reasonable

procedures to assure maximum possible accuracy of the information that it

reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC

1681e(b).  Indeed, Trans Union has no policies that prevent the reporting of

multiple charge offs, nor does it have any policies that govern how long multiple

charge offs, even if legal and proper, may be reported on the Plaintiff's credit

report.

138.      After receiving Plaintiff's consumer dispute to the Errant Trade Lines,

Trans Union negligently failed to conduct a reasonable investigation as required by

15 U.S.C. 1681i.  Indeed, it merely retained the multiple charge offs, which are

illegal, confusing, inaccurate, and unclear.

139.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Dominguez has suffered actual credit and financial damages, mental anguish and suffering, humiliation, and embarrassment.

140.     Due to Trans Union's actions and inactions in connection with its failure to conduct a reasonable reinvestigation, Plaintiff has suffered damages including but not limited to an artificially and illegally depressed credit score.

141.     Trans Union is liable to Mr. Dominguez by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: July 28, 2016

KENT LAW OFFICES

By:___/s/  *Trinette G. Kent*_____
Trinette G. Kent
Attorneys for Plaintiff,
Omar Vallejo Dominguez